Blaney<br>v.<br>Rice.

## John Kutts *versus* William Pelby.

The plaintiff having been requested by the defendant to prepare plans for a theatre,
drew a sketch of a front, which was presented to the defendant and kept by him
a week ; and being pleased with it, he directed the plaintiff to make the plans.
The defendant's master-builder, by his direction, called on the plaintiff and took
the plans to make an estimate of the cost of a theatre, and kept them a week, and
made an estimate on them, and delivered it to the defendant. The defendant,
however, concluded not to build by those plans, and they were in the plaintiff's
possession and produced by him at the trial. It was *held,* that the evidence prov-
ed a delivery of the plans to the defendant, and that the plaintiff was entitled to
recover a compensation for his services.

*Held* also, that the plaintiff's right to recover was not affected by the circumstances,
that his bill, presented to the defendant before the action was brought, was by
mistake for too large a sum, and that while the action was pending he declared
he had refused the plans to the defendant, and the defendant should have them
when he had paid for them, or had paid the bill, and not before.

ASSUMPSIT to recover a reasonable compensation for labor
and services performed for the defendant, in preparing designs
and drawings of plans for a theatre, with all working plans
and specifications. On the 30th of March 1836, the plain-
tiff presented the defendant a bill for $340, having been
made for that sum instead of $295, by a mistake of the plain-
tiff in casting the items of his account from his books. The
defendant refused to pay the bill, and on April 9, 1836, the
plaintiff brought this action, without having made a demand
for $295, the sum justly due.

The plans were produced by the plaintiff at the trial ; and
the defendant contended that they had never been delivered
or tendered to the defendant. On this point one Whitaker,
called by the plaintiff, testified, that he called on the plaintiff
and obtained a sketch of an Egyptian front, and presented it
to the defendant ; that the defendant kept it a week and ex-
pressed himself pleased with it, and said it might answer ;
and that the defendant then directed the plaintiff to make the

Kutts
*v.*
Pelby.

plans.　One Washburn, called by the plaintiff, testified that by the direction of the defendant, he took the plans from the plaintiff's office, in February 1836, to make an estimate of the cost of a theatre, and kept them a week ; that he made the estimate on them, and gave it to the defendant ; that the defendant concluded not to build by those plans ; and that the witness, during the same year, superintended the building of a theatre erected by the defendant.　It was testified by witnesses on the part of the defendant, that since the commencement of the action the plaintiff had said, " that he had refused the plans to the defendant ; that the defendant had asked him for them ; that he had them in his possession ; and that the defendant should have them when he paid for them, or paid the bill, and not before."

The jury were instructed, that the plaintiff was entitled to recover ; and they found a verdict accordingly, for $295, with interest from the date of the writ.　The defendant moved for a new trial on the ground of a misdirection.

*March 14th.*　　*Parsons* and *Stearns,* in support of the motion, cited *Atkinson* v. *Bell,* 8 Barn. & Cressw. 277.

*E. Hasket Derby* and *Andrews,* for the plaintiff, cited *Bement* v. *Smith,* 15 Wendell, 493.

*March 19th.*　　PUTNAM J. delivered the opinion of the Court.　The defendant contends that where work and services are performed upon materials which belong to the operator, the property in the whole remains in him, and he cannot recover while he retains the property and possession ; but that to enable him to recover he must prove a delivery, or an offer or tender to the defendant, of the things so prepared for the defendant. And the law is unquestionably as the counsel for the defendant states it to be.　But the counsel for the plaintiff insist that the plaintiff actually delivered the plans to the defendant, and that the defendant was satisfied with them.　And if the fact be so, the plaintiff is entitled to recover.

The matter in controversy is, whether this fact has or has not been proved.　Now we think that the fact was well established by the evidence reported.

· The defendant had a sketch of the front, and kept it a week, and was pleased with it.　He then directed the plain

Kutts<br>v.<br>Pelby.

tiff to make the plans. And by the direction of the defend-
ant, his principal workman took the plans from the plaintiff,
to make an estimate of the expense of the building, which
was given to the defendant. It is true that the defendant did
not conclude to build by those plans; but that circumstance
can make no difference.

And the declarations of the plaintiff, that the defendant
should not have the plans until he paid for them, or paid the
bill, do not affect the plaintiff's right to recover.

If before any delivery the plaintiff had imposed an unrea-
sonable condition to be performed by the defendant as a con-
dition precedent, that circumstance might have been a good
defence. But there is nothing in the case to warrant such an
objection. There was no condition whatever imposed when
the plans were delivered, as is before stated. And the dec-
larations, which were made after the action was commenced,
were founded upon a mistake in calculating the items of the
bill, and cannot be reasonably considered as affording any
substantial ground of defence. The defendant has had the
benefit of the services, which were performed for him at his
request, and he is, as we all think, legally bound to pay for
them.

Let the judgment be rendered for the plaintiff according to
the verdict.